IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RAMON A. SANTOS, §
　　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　　§
　　　　　　　　　　　§
VS. § NO. 4:07-CV-456-A
　　　　　　　　　　　§ (NO. 4:04-CR-114-A)
UNITED STATES OF AMERICA, §
　　　　　　　　　　　§
　　　　Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Ramon A. Santos ("Santos") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, Santos's reply, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On July 14, 2004, Santos was named in a one-count indictment charging him with conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). A jury found Santos guilty on December 14, 2004. On March 24, 2005, the court sentenced Santos to 260 months of imprisonment, followed by five years of supervised release. On May 9, 2006, the Fifth Circuit Court of Appeals affirmed his conviction and sentence. Santos's petition for writ of certiorari was denied on May 14, 2007.

Santos timely filed this § 2255 motion on August 2, 2007.

## II.

### Grounds of the Motion

The grounds for relief asserted by Santos can be classified in two categories: those considered and rejected by the Fifth Circuit Court of Appeals and those based on alleged ineffective assistance of counsel. Santos claims that the legal representation given by Richard Alley ("Alley"), his trial and appellate counsel, violated his right to effective counsel because Alley failed to: (1) communicate Santos's desire to accept a plea; (2) seek Santos's consent to exclude time under the speedy trial clock; (3) object to Santos being tried in prison clothes; and (4) raise a violation of Rule 404(b) of the Federal Rules of Evidence on appeal.

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at

2

232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). "If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979). See also Davis v. United States, 417 U.S. 333, 345 (1974) ("[T]he general rule [is] that the writ of habeas corpus will not be allowed to do service for an appeal."); Sunal v. Large, 332 U.S. 174, 178 (1947). Conclusory allegations on critical issue in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

Analysis

A. Grounds Already Rejected by the Fifth Circuit

Santos alleges that his Sixth Amendment rights were violated because he was held accountable for an amount of cocaine beyond what was alleged in the indictment and his sentence was enhanced based on a prior conviction. Each of these arguments was specifically rejected by the Fifth Circuit in Santos's direct appeal. United States v. Crespo-Hernandez, 186 Fed. Appx. 419, 425-26 (5th Cir. 2006). Accordingly, Santos is not entitled to

3

any relief on these grounds. See Davis, 417 U.S. at 345; Sunal, 332 U.S. at 178; Moore, 598 F.2d at 441.

Equally immeritorious is Santos's claim that his rights under the Confrontation Clause of the Sixth Amendment were violated when the trial court allowed two government witnesses to testify regarding statements made by a confidential informant. Applying Crawford v. Washington, 541 U.S. 36 (2004), the Fifth Circuit held that the confidential informant's statements were not testimonial, so Santos's rights under the Confrontation Clause had not been violated. Santos now argues that Davis v. Washington, 547 U.S. ___, 126 S.Ct. 2266 (2006), which was decided after the Fifth Circuit affirmed Santos's conviction and sentence, entitles him to relief. In Davis, the Supreme Court held, "[statements] are testimonial [thus triggering Confrontation Clause protections] when the circumstances objectively indicate that there is no [] ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Davis, 547 U.S. at ___, 126 S.Ct. at 2273-74. Santos has not adduced any authority that Davis is retroactively applicable. Even if he had, he has not--and could not--present a good-faith argument that the primary purpose of the statements made to the confidential informant regarding the ongoing drug trafficking operation was to establish or prove past events potentially relevant to his subsequent criminal prosecution. See

4

id.[1]  Santos is not entitled to any relief because his Confrontation Clause rights have not been violated.

B.   Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claims, Santos would have to show (1) that Alley's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for Alley's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether the movant plead guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). The same standards apply with respect to appellate counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985).

Santos claims that Alley was ineffective in failing to

---

[1] Furthermore, in dicta the Davis opinion states that unwitting statements to a government informant are nontestimonial. Davis v. Washington, 547 U.S. ___, ___, 126 S.Ct. 2266, 2275 (2006) (citing Bourjaily v. United States, 483 U.S. 171, 181-84 (1987)).

5

communicate his desire to accept a plea to the government. In his affidavit, Alley states that prior to trial Santos informed him that he did not want to enter a guilty plea. Furthermore, Alley checked with the prosecutor, who advised him that no plea offer had been or would be made. By declaration, the prosecutor confirms that he never made a plea offer to Santos because he was concerned that a plea might interfere with other ongoing criminal investigations concerning Santos. Since no plea offers were made, Santos cannot show that the result of his proceeding would have been different had he pleaded guilty. See Strickland, 466 U.S. at 687.

Santos summarily claims, however, that he was prejudiced because if he had been given the opportunity to plead guilty, he would have received a three-level reduction in his base offense for acceptance of responsibility. "'A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence . . . .'" United States v. Sanchez, 893 F.2d 679, 681 (5th Cir. 1990) (quoting United States Sentencing Commission, Guidelines Manual, 3E1.1, Application Note 3 (Nov. 2006)). Santos has not adduced anything to support the contention that he would have received a three-level reduction, so he is not entitled to relief on this ground. See Woods, 870 F.2d at 288 n.3.

Santos alleges that his trial counsel failed to seek his consent to exclude time under the speedy trial clock. "[I]n

6

order to prove that the delay between indictment and trial violated the Sixth Amendment, it is necessary that there be proof of actual, substantial prejudice or an indication of intentional, tactical delay by the prosecution." United States v. Crosby, 713 F.2d 1066, 1078-79 (5th Cir. 1983) (citing United States v. Manetta, 551 F.2d 1352, 1354 (5th Cir. 1977)). The record indicates that shortly before the first scheduled trial date, the confidential informant became unavailable to testify, and Alley learned that the government had wiretap tapes of conversations between Santos and the confidential informant. Santos cannot show actual, substantial prejudice because the continuance was sought to allow Alley to evaluate this newly discovered evidence.

Santos, however, claims that he was prejudiced because, during the delay, two witnesses critically important to his case became unavailable. He fails to identify these witnesses, state why they became unavailable, describe their purported testimony in detail, or show that they would have actually testified. For Santos "to demonstrate the requisite Strickland prejudice, he must show not only that the testimony would have been favorable, but also that the witness[es] would have testified at trial." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002) (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)). Santos has not shown ineffective assistance of counsel with respect to the speedy trial clock. See Crosby, 713 F.2d at 1078-79; Evans, 285 F.3d at 377.

Santos alleges that Alley was ineffective in failing to

7

object to the trial of Santos in identifiable prison clothing. The record indicates that the decision to try Santos in prison clothing was one of trial strategy, with which Santos agreed. The idea was that the jury would get the impression that the co-defendant dressed in street clothes was the mastermind of the drug trafficking operation. Producing a defendant in jail clothes in hopes of eliciting sympathy from the jury is a recognized defense tactic. See, e.g., Estelle v. Williams, 425 U.S. 501, 508 (1976). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002). Santos is not entitled to relief based on his appearance at trial in prison clothing because he has not shown that such decision was unconscious or uninformed nor that it permeated the entire trial with obvious unfairness. See id.

Santos alleges that Alley was ineffective in failing to raise a violation of Federal Rule of Evidence 404(b) on appeal. The record shows that Santos was charged with conspiracy, and the evidence he complains of was admissible as proof of the conspiracy. The evidence was not offered to prove Santos's character in order to show action in conformity therewith, so Rule 404(b) afforded no relief on appeal. See Fed. R. Evid. 404(b). Counsel "[has] no duty to bring frivolous appeals; the opposite is true." United States v. Burleson, 22 F.3d 93, 95

(5th Cir. 1994).

Santos is not entitled to any relief based on the alleged ineffective assistance of Alley because he has not shown that Alley's performance fell below an objective standard of reasonableness in any respect or that there is a reasonable probability that the result of the proceedings would have been different under any circumstances. See Strickland, 466 U.S. at 687.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Ramon A. Santos to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED September 26, 2007.

JOHN MCBRYDE
United States District Judge